IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MILES A. MERTENS d/b/a
MERTENS TACKLE,

                                                     ORDER

                      Plaintiff,

                                                 08-cv-41-bbc

     v.

BASS PRO OUTDOORS ONLINE,
LLC, BASS PRO, INC.,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Miles A. Mertens has asked for reconsideration of the order entered in this case on September 10, 2008, denying his motion for summary judgment. Plaintiff contends that the court erred in concluding that it could not rule in his favor on the few undisputed facts that made up the record.

I agree with plaintiff that I can determine that the products marked "eyebuster" are very similar in appearance and in function. They are the same size, shape and color, as I found in the September 10 order.

As to the other factors that go into a determination of infringement, I cannot make any findings. As I tried to explain in the earlier order, the only facts on which I can rely are

1

those that plaintiff proposed and defendants had a chance to dispute but could not. I cannot rely on "facts" that are part of plaintiff's declaration or contained in an exhibit but are not made the subject of a proposed finding of fact. The parties never proposed as fact the selling price of plaintiff's Eyebuster® or defendants' competing product; they never proposed facts about the retail outlets for the products, the placement of the products in Bass Pro's catalog or the length of time that defendants continued to use the EYEBUSTER® mark after 2003, when plaintiff told them to stop.

I share plaintiff's concern about avoiding an unnecessary trial. In this case, however, a trial is necessary to develop the full story of the EYEBUSTER® and whether defendants' product infringed it, as well as whether defendants engaged in counterfeiting when they ordered and sold their own China-made jig eye cleaning tool.

ORDER

IT IS ORDERED that plaintiff Miles A. Mertens's motion for reconsideration is

DENIED.

Entered this 26th day of September, 2008.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge